Aaron M. Waite, Esq.
Utah Bar No. 8992
R. Samuel Ehlers, Esq.
Utah Bar No. 10928
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
678 Vine Street, Unit 10
Murray, UT 84107
(801) 302-5486/(801) 263-7856 (facsimile)
Loan No. xxxx7861/ Our File No. 10-04-5023-UT
Attorney for Secured Creditor
Washington Mutual Bank, FSB and any successors and/or assigns, Green Tree Servicing, LLC as Servicer

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

In re:
　　KENNETH ALAN RALPHS
　　CAMILLE C. RALPHS
　　　　　Debtor(s)

CHAPTER 7
BANKRUPTCY NO.: 10-20934-RKM
DATE: May 19, 2010
TIME: 10:00 AM
RE: 1973 SKYLINE D17
VIN: 019412G

### REPLY TO DEBTORS' RESPONSE TO MOTION FOR RELIEF

| | |
|---|---|
| TO: | **KENNETH ALAN RALPHS AND CAMILLE C. RALPHS, DEBTOR(S)** |
| TO: | **JACOB R. POWELL, ESQ., ATTORNEY FOR THE DEBTOR(S)** |
| TO: | **PHILLIP G. JONES TR., CHAPTER 7 TRUSTEE** |
| TO: | **ALL INTERESTED PARTIES** |
| TO: | **THE CLERK OF THE ABOVE-ENTITLED COURT** |

Secured Creditor, Washington Mutual Bank, FSB and any successors and/or assigns, Green Tree Servicing, LLC as Servicer, hereby reply to the Debtors' response to Secured Creditor's Motion for Relief from the Automatic Stay.

Debtors do not oppose the termination of the stay. The Court should terminate the automatic stay for the reasons set forth in the motion for relief and because Debtors do not object.

Debtors object to an award of attorney fees to Secured Creditor for the filing of the Motion for Relief on the basis that "there is no legal basis for collecting them." This is a misrepresentation of the facts and law. The Debtors' contract with Secured Creditor entitles the Secured Creditor to attorney fees. See Mobile Home Security Agreement, which is annexed to

- 1 -

Motion for Relief, at § 4(c)(v). See also Mobile Home Fixed Rate Note, which is annexed to Motion for Relief, at § 6(E). The existence of a contract which allows for attorney fees after default justifies an award of attorney fees here.

Debtors appear to be seeking sanctions under Rule 9011 because Secured Creditor requested an attorney fees amount in the Motion for Relief. There is no basis for sanctions under Rule 9011 because the contents of the Motion for Relief are and were accurate and accurately represented to the Court. As stated above, the parties' contracts allow for an award of attorney fees. Debtor's cite *In re Nair*, 320 B.R. 119, 121 (Bankr. S.D. Tex. 2004), in support of their request. The cited case, *In re Nair*, was a chapter 13 case where the secured creditor sought to have its attorney fees treated as a priority claim after relief from the stay was granted through an agreed-upon order. Secured Creditor here is not seeking any such thing. The attorney fees amount set forth in the Motion for Relief are allowed by the contract and support relief from the stay here.

Debtors also allege that the collateral which secured Secured Creditor's loan has been disposed of with Secured Creditor's permission. No proof of said permission is provided with the Response. It is unlikely that Secured Creditor would be seeking relief here had it given Debtors or any other owner of the collateral permission to dispose of the collateral. Debtors seek sanctions against counsel for Secured Creditor for seeking an award of attorney fees in a motion for relief on under-secured claim. Not only are attorney fees allowed under the Parties' contract, but the claim may not be secured at all because the collateral was apparently destroyed and then disposed of by Debtors or their agents. The Court should grant the Motion for Relief.

Date: May 16, 2010

       */s/ Aaron M. Waite, Esq.*
Aaron M. Waite, Esq.
R. Samuel Ehlers, Esq.
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
678 Vine Street, Unit 10
Murray, UT 84107

- 2 -